IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:17-cr-00384-JO |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO JUAREZ-REYES JR, | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

JONES, J.

Defendant Francisco Juarez-Reyes moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 69. Defendant, currently incarcerated at FCI Lompoc, requests that his sentence be reduced to time served. He claims that, in light of the COVID-19 pandemic, his medical conditions (immuno-suppressing treatment for chronic psoriasis, hypothyroidism, hyperlipidemia, and being overweight), combined with his successful efforts towards

1   Opinion and Order

rehabilitation, provide extraordinary and compelling reasons for compassionate release. The government opposes his motion. For the reasons that follow, the Court DENIES Defendant's motion for compassionate release.

## BACKGROUND

When Defendant was 22 years old, he met Minor Victim (MV) online and developed a relationship with her via social media and internet-based web cameras. After learning that she was 14 years old, Defendant continued the relationship. By the time MV turned 15, she was sending Defendant sexually explicit videos of herself and was referring to him as "master." MV's relatives discovered the activity and notified authorities, who executed a search warrant. Defendant's computer revealed explicit images of MV, as well as over 100 videos of child pornography. Defendant pleaded guilty to receipt of child pornography. ECF No. 44. The Court sentenced Defendant to a mandatory minimum term of 60 months. Following sentencing but prior to his self-surrender to prison, Defendant married MV. He reported to prison on October 19, 2019. Defendant has a projected release date of January 19, 2024. The government concedes that Defendant has exhausted his administrative remedies. ECF No. 72 at 2. According to defense counsel, Defendant received two doses of the COVID-19 vaccine.[1] ECF No. 69 at 6.

## DISCUSSION

Compassionate release is a statutory exception to the rule that a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). A court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction; . . . and . . . such a reduction is

---

[1] While Defendant's medical record does not show which vaccine BOP administered, he received information about the Moderna vaccine. ECF No. 70, Ex. L at 103-107.

2   Opinion and Order

consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). Congress did not define "extraordinary and compelling" other than providing that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t). The Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and family circumstances. U.S.S.G. § 1B1.13 app. n.1(A)-(C). And although the policy statement applies only to motions filed by the Bureau of Prison's director and not those filed by a defendant, it "may inform a district court's discretion for §3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).

Given his medical issues, Defendant's concern about his potential exposure to COVID-19, a virus that thrives in crowded, confined spaces, is understandable. However, Defendant has received two doses of the COVID-19 vaccine. Although vaccines are not one hundred percent effective, the CDC states that "COVID 19-vaccines are effective. They can keep you from getting and spreading the virus that causes COVID-19." *Benefits of Getting a COVID-19 Vaccine, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html* (last visited Oct. 1, 2021). "Vaccines continue to be highly effective to at preventing hospitalization and death, including against [the delta] variant." *Id.*

Defendant claims he is not adequately protected because he needs a third vaccine due to his health conditions. BOP's guidance on booster shots as of October 13, 2021, is that "[i]nmates who are moderately to severely immunocompromised should be offered a third dose *at least 28 days after the second dose.*" *https://www.bop.gov/resources/pdfs/covid_19_vaccine_guidance_v14_0_2021.pdf* (emphasis in

original). The Court assumes BOP will follow the guideline and administer a third dose to Defendant, should it determine that he is severely immunocompromised.

Early in the pandemic, FCI Lompoc had a very poor record of keeping inmates safe from COVID-19. However, that no longer appears to be the case. FCI Lompoc currently has no inmates and two staff members infected with COVID-19. *COVID-19 Cases*, Bureau of Prisons, *https://www.bop.gov/coronavirus/* (last updated Nov. 2, 2021). The Ninth Circuit has ruled that pre-existing medical conditions that add an increased risk of complications from COVID-19 do not necessarily present "extraordinary and compelling" circumstances warranting compassionate release, even when a defendant is housed in a facility where inmates have tested positive for COVID-19. *See United States v. Higgins*, 849 F.App'x 215 (9th Cir. 2021); *United States v. Dixon*, 848 F. App'x 332 (9th Cir. 2021); *United States v. Alvarado*, 841 F. App'x 31 (9th Cir. 2021). In addition, it appears the vast majority of inmates at the FCI Lompoc have been fully vaccinated. *COVID-19 Vaccination Implementation*, Bureau of Prisons, *https://www.bop.gov/coronavirus/* (last updated Nov. 2, 2021) (showing 759 inmates vaccinated.)[2] The Court finds that Defendant's circumstances do not present an extraordinary and compelling reason to reduce his sentence to time served.

In addition, Defendant's release would undermine the sentencing factors listed in 18 U.S.C. § 3553(a). The nature of his underlying offense is significant. Defendant pleaded guilty to receiving child pornography. Not only did he receive over 100 videos of child pornography from the internet, but Defendant also received images from MV, whom he knew to be 15 years old. His subsequent marriage to MV does not sanitize his criminal behavior. Furthermore,

---

[2] On November 2, 2021, BOP website indicated FCI Lompoc had a prison population of 751 inmates, fewer than the number of vaccinated inmates. The Court assumes some of the 759 vaccinated inmates have been released.

sentencing Defendant to time served would create a disparate outcome. The 60-month mandatory minimum sentence ordered by the Court was necessary to reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, and to protect the public.

## CONCLUSION

Defendant has not demonstrated that his underlying conditions—in combination with the possibility of a COVID-19 infection—provide extraordinary and compelling reasons to grant his motion for compassionate release. A reduction in Defendant's sentence is not warranted after considering the sentencing factors under U.S.S.G §3553(a).

Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1) (ECF No. 69) is DENIED.

IT IS SO ORDERED.

Dated the 2nd of November, 2021.

Robert E. Jones
Senior United States District Judge

5   Opinion and Order